**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

TONY SAYLOR,                                  :
                                              :
              Plaintiff                       :
                                              :
VS.                                           :
                                              :
DR. SCHOOL KRAFT,                             :      NO. 5:13-CV-33 (MTT)
                                              :
              Defendant                       :
_____:             **O R D E R**

      Plaintiff **TONY SAYLOR**, an inmate at Baldwin State Prison ("BSP"), has filed a

*pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).   Parties instituting

non-habeas civil actions must pay a $350.00 filing fee.   28 U.S.C. § 1914(a).   Because

Plaintiff has failed to pay said fee, the Court assumes that he wishes to proceed *in forma*

*pauperis* in this action.

      Plaintiff sues Dr. School Kraft, a physician at BSP.   Plaintiff's only allegation

regarding Dr. Kraft is that the doctor discontinued Plaintiff's Lithium medication.

Significantly, Plaintiff fails to allege that he has suffered any adverse mental or physical

health effects as a result of this action.   Plaintiff also complains that unnamed prison

officials have not allowed him to contact his wife or allowed her to visit Plaintiff.

      Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform

Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.   *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g).   *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed several lawsuits in the United States District Courts, at least three of which were dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1]  As Plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).

Plaintiff's claims relating to his wife do not remotely approach allegations of "imminent danger of serious physical injury."   Although Plaintiff might be able to allege imminent danger if he were suffering serious and immediate health effects as a result of the discontinuance of his medication, he makes no such allegation.   The mere fact alleged in the complaint—that Dr. Kraft discontinued Plaintiff's Lithium—does not satisfy the imminent danger standard.

---

[1] *See Saylor v. Adams*, 1:11-cv-3875-TCB (N.D. Ga. Jan. 11, 2012); *Saylor v. Jackson*, 1:11-cv-3823-TCB (N.D. Ga. Dec. 8, 2011); and *Saylor v. DeKalb Co. Police Dep't*, 1:8-cv-1146-TCB (N.D. Mar. 24, 2008).

Plaintiff's request to proceed *in forma pauperis* is accordingly **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.   If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $350.00 filing fee.   As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 30th day of January, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr